FILED IN CLERK'S OFFICE
U.S.D.C. - Gainesville

OCT 22 2008

JAMES N. HATTEN, Clerk
BY: [signature] Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| LECTRA USA, INC. and<br>LECTRA S.A.<br><br>Plaintiffs,<br><br>v.<br><br>EASTMAN MACHINE COMPANY and<br>SEWN PRODUCTS EQUIPMENT CO.<br><br>Defendants. | CIVIL ACTION FILE<br><br>NO. _____<br><br>2 08-CV-0213-WCO |

## COMPLAINT

Plaintiffs Lectra USA, Inc. and Lectra S.A. (hereinafter collectively "Lectra"), for their Complaint against defendants First Eastman Machine Company ("Eastman") and Sewn Products Equipment Company ("Sewn Products") state and aver as follows:

### NATURE OF ACTION AND PARTIES

1. This is an action for patent infringement arising under the Patent Laws of the United States, United States Code, Title 35.

2. Plaintiff Lectra USA, Inc. is a corporation organized and existing under the laws of the State of New York with a principal place of business at 889 Franklin Road, SE, Marietta, Georgia 30067-7945. Plaintiff Lectra S.A. is a company organized and existing under the laws of France, with a principal place of business at 16-18 rue Chalgrin, 75016 Paris, France.

3. Upon information and belief, defendant Eastman is a corporation organized and existing under the laws of the State of New York, with a principal place of business at 779 Washington St., Buffalo, New York 14203, and does business in this district. Upon information and belief, defendant Sewn Products is a company organized and existing under the laws of the State of Georgia, with a principal place of business at 971 Airport Road, Jefferson, Georgia 30549-6119.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1338(a) as this is a case arising under the patent laws of the United States, as well as pursuant to 28 U.S.C. § 1331, as this matter involves a federal question.

5. Upon information and belief, the Court has personal jurisdiction over Defendant Eastman because it has, directly or through agents located in this

judicial district, made, used, sold, offered for sale, marketed, or distributed into this district cutting equipment, systems, and methods that infringe U.S. Patent No. 5,867,392 owned by Plaintiff Lectra S.A.

6. Upon information and belief, the Court has personal jurisdiction over Sewn Products because it resides in this judicial district and has, directly or through agents located in this judicial district, made, used, sold, offered for sale, marketed, distributed, or imported into this district products that infringe U.S. Patent No. 5,867,392 owned by Plaintiff Lectra S.A.

7. Upon information and belief, venue in this District is proper under Title 28, United States Code §§ 1391(b), (c) and 1400(b).

## FACTS

8. U.S. Patent No. 5,867,392 ("the '392 Patent"), entitled "Method For Marking Or Cutting A Material Along Predetermined Paths," was duly and legally issued on February 2, 1999. A true and correct copy of the '392 Patent is attached hereto as Exhibit A.

9. Lectra S.A. is the owner by assignment of all right, title, and interest in and to the '392 Patent.

10. Lectra USA, Inc. is the exclusive licensee under the '392 Patent.

11. Upon information and belief, Eastman and Sewn Products have been and are currently infringing the '392 Patent without license or authorization from Lectra S.A. or Lectra USA, Inc. (together "Lectra").

## COUNT ONE – INFRINGEMENT OF U.S. PATENT NO. 5,867,392 BY EASTMAN

12. Lectra hereby incorporates by reference the averments set forth in Paragraphs 1- 11 above as if fully set forth herein.

13. Eastman has infringed and is continuing to infringe one or more claims of the '392 Patent by making, using, offering for sale and selling cutting equipment, systems, and methods claimed in the '392 Patent, including the "Eastman Eagle Conveyor Cutting Systems," and inducing others to infringe said '392 Patent.

14. On information and belief, Eastman's infringement of the '392 Patent is and has been willful and deliberate.

15. Lectra has suffered damages by reason of Eastman's infringement of the '392 Patent, and will suffer additional damages and will be irreparably injured unless this Court enjoins Eastman from continuing such infringement.

16. Lectra is entitled to damages sustained as a result of Eastman's wrongful acts in an amount subject to proof at trial.

## COUNT TWO – INFRINGEMENT OF U.S. PATENT NO. 5,867,392 BY SEWN PRODUCTS

17. Lectra hereby incorporates by reference the averments set forth in Paragraphs 1- 11 above as if set forth fully herein.

18. Sewn Products has infringed and is continuing to infringe one or more claims of the '392 Patent by using, offering for sale and selling cutting equipment, systems, and methods claimed in the '392 Patent, including the "Eastman Eagle Conveyor Cutting Systems," and inducing others to infringe said '392 Patent.

19. Lectra has suffered damages by reason of Sewn Products' infringement of the '392 Patent, and will suffer damages and will be irreparably injured unless this Court enjoins Sewn Products from continuing such infringement.

20. Lectra is entitled to damages sustained as a result of Sewn Products' wrongful acts in an amount subject to proof at trial.

## PRAYER FOR RELIEF

WHEREFORE, Lectra requests a judgment:

A. Determining that U.S. Patent No. 5,867,392 is not invalid and is enforceable in law and that Eastman and Sewn Products are infringing and have infringed the '392 Patent.

B. Awarding to Lectra its damages caused by Eastman and Sewn Products' infringement of the '392 Patent, including an assessment of pre-judgment and post-judgment interest and costs;

C. Determining that Eastman's infringement has been willful and that, therefore, Lectra's damages should be trebled pursuant to 35 U.S.C. § 284;

D. Entering a preliminary and permanent injunction against Eastman and its officers, agents, servants, employees, all parent and subsidiary corporations and affiliates, their assigns and successors in interest, and those persons in active concert or participation with any of them who receive notice of the injunction, enjoining them from continuing acts of infringement of U.S. Patent No. 5,867,392 including, without limitation, from continuing to make, use, offer to sell and sell the equipment, systems, and methods claimed in said '392 Patent.

E. Entering a preliminary and permanent injunction against Sewn Products and its officers, agents, servants, employees, all parent and subsidiary corporations and affiliates, their assigns and successors in interest, and

those persons in active concert or participation with any of them who receive notice of the injunction, enjoining them from continuing acts of infringement of U.S. Patent Nos. 5,867,392 including, without limitation, from continuing to use, offer to sell and sell the equipment, systems, and methods claimed in said '392 Patent.

  F. Determining that this is an exceptional case and awarding to Lectra its costs, expenses and reasonable attorney fees pursuant to 35 U.S.C. § 285; and

  G. Awarding to Lectra such other and further relief as this Court may deem just and proper.

Respectfully submitted this 22nd day of October.

*/s/ Robin McGrath*
Robin L. McGrath
Ga. Bar No. 493115
robin.mcgrath@alston.com
Brie A.L. Brown
Ga. Bar No. 692387
brie.brown@alston.com
ALSTON & BIRD LLP
One Atlantic Center
1201 W. Peachtree Street
Atlanta, Georgia 30309-3424
Telephone: (404) 881-7000
Facsimile: (404) 881-7777

Of Counsel:

FULBRIGHT & JAWORSKI L.L.P.
666 Fifth Avenue
New York, New York  10103
Tel.:  212-318-3000
Fax:  212-318-3400

**Counsel for Plaintiffs**
**Lectra USA, Inc. and Lectra S.A.**